# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THAD AUBERT,<br><br>　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:20-cv-01834-GMN-DJA<br><br>**ORDER** |

　　　　This habeas matter is before the Court on Petitioner Thad Aubert's failure to comply with the Court's Order (ECF No. 5) instructing him to resolve the filing fee.

　　　　Aubert challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Aubert*, Case No. 09C255285.[1] On May 19, 2011, the state court entered a judgment of conviction for robbery with the use of a deadly weapon and adjudicated Aubert under Nevada's habitual criminal statute. The Nevada Supreme Court affirmed the conviction. In February 2014, Aubert filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Aubert filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial of relief, and a remittitur issued in June 2017. Additionally, in February 2018, Aubert filed a motion to modify sentence, arguing the state court did not have jurisdiction to impose his sentence under the habitual criminal statutes. The motion was denied. In September 2019, the Nevada Court of Appeals affirmed the decision.

　　　　On October 1, 2020, Aubert initiated this federal habeas corpus proceeding by submitting a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254 and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1). However, his IFP application did not contain the required financial certificate signed by an authorized officer at the Nevada Department of

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public at:
www.clarkcountycourts.us/Anonymous/default.aspx and
http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

Corrections or certified copy of his inmate trust account statement for the six-month period preceding this habeas action. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

On October 15, 2020, the Court ordered Aubert to either pay the $5 filing fee or submit a complete IFP application with all required attachments within 45 days. (ECF No. 5.) Aubert was warned that a failure to comply by submitting a complete IFP application or paying the filing fee would result in the dismissal of this action without prejudice and without further advance notice. (*Id.*)  The 45-day deadline expired on November 30, 2020.  To date, Aubert has not filed a completed IFP application, paid the $5 filing fee, or requested an extension of time.  Thus, dismissal is warranted.[2]

///

///

---

[2] The Court further notes that Aubert's petition is untimely on its face. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by the conclusion of direct appellate review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Aubert's conviction became final on June 19, 2013, after the Nevada Supreme Court decided his direct appeal, denied en banc consideration, and the time expired for filing a petition for writ of certiorari with the United States Supreme Court. The federal statute of limitations began running the following day. Aubert timely filed his state petition on February 5, 2014, tolling the AEDPA clock. As a result, 230 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 135 days of AEDPA limitations period were statutorily tolled period during the pendency of all proceedings related to the state petition. Tolling ended on June 13, 2017, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 135 days later on October 27, 2017. Aubert's motion to modify sentence was filed in February 2018—months after the expiration of the AEDPA deadline—and thus could not have tolled the already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Absent another basis for tolling or delayed accrual, Aubert filed his petition nearly three years after the AEDPA limitations period expired. This calculation is provided solely for informational purposes because Aubert has not had an opportunity to respond.

**IT IS THEREFORE ORDERED:**

1. Petitioner Thad Aubert's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE based his on failure to comply with the Court's Order (ECF No. 5) or the Local Rules of Practice.

2. Aubert's Motion for Appointment of Counsel (ECF No. 3) and Motion for Order Staying § 2254 Habeas Petition (ECF No. 4) are DENIED.

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will add Nevada Attorney General Aaron D. Ford as counsel for Respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED: December 4, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE